■ MOSHE NIR, Appellant, v MANIJEH NIR, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Capilli, J.), dated August 22, 1989, as granted that branch of the defendant wife's motion which was for leave to enter a money judgment against him for arrears of pendente lite maintenance and child support in the sum of $19,350, together with costs and disbursements, accrued pursuant to an order of the same court (Diamond, J.), dated November 14, 1988.

Ordered that the order is affirmed insofar as appealed from, with costs.

We disagree with the plaintiff husband's contention that the court erred in directing entry of a money judgment against him pursuant to Domestic Relations Law § 244 without a hearing. On November 14, 1988, the Supreme Court (Diamond, J.) ordered, *inter alia,* that the plaintiff husband pay to the defendant wife $450 per week pendente lite, allocating $250 for her maintenance, and $200 for child support for their son Joseph. Starting on November 30, 1988, the plaintiff made a series of motions to suspend his financial obligations, alleging that the defendant wife had failed to allow him visitation as provided in the pendente lite order. A proposed order to show cause by which the plaintiff attempted to bring on one of those motions contained a provision which would have stayed his financial obligations; however, that provision was stricken by the court. By order dated April 28, 1989, the Supreme Court (De Maro, J.), denied that motion and directed that the pendente lite order continue in full force and effect except insofar as modified by a prior order of protection granted in the Family Court, Nassau County, against the plaintiff. Because of the plaintiff's failure to comply with his support obligations, the defendant was compelled to subsist on welfare and to attempt to garnish the plaintiff's income. In the order appealed from, the Supreme Court again rejected the plaintiff's contentions that his maintenance and child support obligations should be suspended, and granted the defendant leave to enter a money judgment against him for arrears.

Domestic Relations Law § 241 provides that where a custodial parent, who receives maintenance or alimony pursuant to an order, judgment or decree has wrongfully interfered with

or withheld visitation rights, "the court in its discretion, may suspend such payments or cancel any arrears that may have accrued during the time that visitation rights have been or are being interfered with or withheld". The effect of this provision is that "the court may, but need not" suspend maintenance payments *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 241, at 730). In addition, the concluding sentence of section 241 states that "[n]othing in this section shall constitute a defense in any court to an application to enforce payment of child support or grounds for the cancellation of arrears for child support". In the case at bar, the plaintiff failed to make either child support or maintenance payments, despite the refusal by the court to relieve him of any of his maintenance obligations pursuant to section 241. In these circumstances, the court properly directed the entry of a money judgment for arrears under Domestic Relations Law § 244. Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.